UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
IBRAHIMA BALDE,

                Plaintiff,

                                                  COMPLAINT AND
- against -                                  JURY TRIAL DEMAND

P.O. CHRISTOPHER RICKFORD, Shield No. 14270,
P.O. JOSEPH BASSO, Shield No. 4611,
P.O. BRETT BARA, Shield No. 4743,
P.O. TRAVIS DUKE, Shield No. 19960,
P.O. DOUGLAS MACEWEN, Shield No. 4543 and
P.O. GEORGETTE WILLIAMS, Shield No. 3054,

                Defendants.
-----------------------------------------------------------------------X

        Plaintiff, IBRAHIMA BALDE, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

        1.      This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

        2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth, fifth, sixth and fourteenth amendments to the Constitution of the United States.

        3.      Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## VENUE

        4.      Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

        5.      Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff, IBRAHIMA BALDE, was and is a natural person, resident in the County of Kings, City and State of New York.

7. At all times relevant hereto, defendant P.O. CHRISTOPHER RICKFORD, Shield No. 12470, (hereinafter "RICKFORD") was and is a natural person, employed as a police officer by the Police Department of the City of New York.

8. At all times relevant hereto, defendant P.O. JOSEPH BASSO, Shield No.4611 (hereinafter "BASSO") was and is a natural person, employed as a police officer by the Police Department of the City of New York.

9. At all times relevant hereto, defendant P.O. BRETT BARA, Shield No.4743 (hereinafter "BARA") was and is a natural person, employed as a police officer by the Police Department of the City of New York.

10. At all times relevant hereto, defendant P.O. TRAVIS DUKE, Shield No.19960 (hereinafter "DUKE") was and is a natural person, employed as a police officer by the Police Department of the City of New York.

11. At all times relevant hereto, defendant P.O. DOUGLAS MACEWEN, Shield No. 4543 (hereinafter "MACEWEN") was and is a natural person, employed as a police officer by the Police Department of the City of New York.

12. At all times relevant hereto, defendant P.O. GEORGETTE WILLIAMS , Shield No. 3054 (hereinafter "WILLIAMS") was and is a natural person, employed as a police officer by the Police Department of the City of New York.

13. The defendants are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## <u>AGAINST DEFENDANTS RICKFORD, BASSO and BARA</u>
## (42 U.S.C. §1983)

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15. On or about March 15, 2014, at approximately 2:50 A.M., plaintiff was lawfully present at the corner of West 26th Street and 6th Avenue in the County, City and State of New York, when he was witness to an altercation between a drug dealer and two other persons.

16. One of the persons who had been fighting with the drug dealer, however, accused plaintiff of having taken money from him.

17. Plaintiff was questioned about the aforementioned allegation by defendant RICKFORD.

18. Plaintiff informed defendant RICKFORD that he had run away when he saw the aforementioned fight occur.

19. Nevertheless, plaintiff was placed under arrest by defendants BASSO and BARA, who were, upon information and belief, falsely and maliciously informed by defendant RICKFORD that plaintiff had taken money from one of the persons involved in the fight.

20. Plaintiff was indicted by a New York County Grand Jury for grand larceny in the fourth degree, an E felony; and robbery in the second degree, a C felony.

21. The grand jury indicted plaintiff without hearing his testimony, although, through his attorney, he had requested his right to testify before the grand jury.

22. Because plaintiff had been denied his right to testify before the grand jury, his attorney moved, pursuant to New York Criminal Procedure Law §190.50, to have the indictment against him dismissed.

23. On July 2, 2014, a Justice of the New York State Supreme Court granted plaintiff's motion and dismissed the indictment against him, granting leave to the District Attorney to re-present the charges against plaintiff.

24. The District Attorney failed to move, within the time required by law, to have plaintiff reindicted.

25. Thus, the charges against plaintiff were dismissed and sealed on September 23, 2014.

26. Defendants RICKFORD, BASSO and BARA violated plaintiff's rights, guaranteed to him by the fourth, fifth, sixth and fourteenth amendments to the Constitution of the United States, to be arrested, charged and indicted only with probable cause therefor, and to be prosecuted without malice, and to receive a fair trial, in that, acting under color of state law, they, without having any probable cause whatsoever, falsely and maliciously charged plaintiff with having committed two felonies and further provided false information about plaintiff's actions to the New York County District Attorney's Office.

27. Because of the aforementioned acts committed against him by defendants RICKFORD, BASSO and BARA, plaintiff suffered a deprivation of his right not to be arrested, prosecuted and indicted without probable cause therefor, and to not be denied his right to a fair trial, and, as a consequence, suffered a loss of his liberty and extreme mental anguish.

28. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendants RICKFORD, BASSO and BARA, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the aforementioned defendants.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS DUKE, MACEWEN and WILLIAMS
### (42 U.S.C. §1983)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" hereinabove as if more fully set forth at length herein.

30. On or about the evening of March 26, 2014, in the vicinity of West 30th Street and 5th Avenue in the County, City and State of New York, plaintiff was with a friend of his who touched the hair of, and begin flirting with, a woman they had met on the street.

31. Plaintiff and his friend then went to a restaurant where they remained for a period of time.

32. At approximately 8:50 P.M., as plaintiff and his friend left the restaurant, defendants DUKE and MACEWEN, wearing plainclothes and not exhibiting their shields, jumped plaintiff and his companion.

33. Upon information and belief, defendants DUKE and MACEWEN were trying to apprehend plaintiff because defendant WILLIAMS had allegedly told defendant DUKE that she had seen plaintiff tap his friend's chest and motion in the direction of a female who his friend then attempted to rob of her phone.

34. Believing that he and his friend were being assaulted by friends of the woman whom his friend had accosted, plaintiff attempted to defend himself from the physical force leveled against him by defendant MACEWEN.

35. Three unmarked New York City Police Department motor vehicles arrived at the scene.

36. Officers threw plaintiff onto the ground, handcuffed him and arrested him.

37. Plaintiff was ultimately indicted for assault in the second degree, a D felony; and attempted robbery in the second degree, a D felony.

38. Plaintiff was unable to pay the bail that was set for him and thus was confined to the custody of the New York City Department of Correction.

39. On or about July 6, 2015, plaintiff's attorney moved, pursuant to New York Criminal Procedure Law §30.30, to dismiss all charges against plaintiff on speedy trial grounds.

40. On September 22, 2015, plaintiff's motion was granted and, after nearly eighteen months, he was released from jail.

41. Defendants DUKE, MACEWEN and WILLIAMS violated plaintiff's rights, guaranteed to him by the fourth, fifth, sixth and fourteenth amendments to the Constitution of the United States, to be arrested, charged and indicted only with probable cause therefor, to be prosecuted without malice, and to receive a fair trial, in that, acting under color of state law, they, without having any probable cause whatsoever, falsely and maliciously charged plaintiff with having committed two felonies and further provided false information about plaintiff's actions to the New York County District Attorney's Office.

42.  Because of the aforementioned acts committed against him by defendants DUKE, MACEWEN and WILLIAMS, plaintiff suffered a deprivation of his right not to be arrested, prosecuted and indicted without probable cause therefor, and not to be denied his right to a fair trial, and as a consequence, suffered a loss of his liberty for eighteen months and, as a result, suffered extreme mental anguish.

43.  By reason of the aforementioned unconstitutional and illegal actions taken against him by defendants DUKE, MACEWEN and WILLIAMS, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the aforementioned defendants.

WHEREFORE, plaintiff, IBRAHIMA BALDE, demands judgment against defendants, P.O. CHRISTOPHER RICKFORD, Shield No. 14270, P.O. JOSEPH BASSO, Shield No. 4611, P.O. BRETT BARA, Shield No. 4743, P.O. TRAVIS DUKE, Shield No. 19960, P.O. DOUGLAS MACEWEN, Shield No. 4543 and P.O. GEORGETTE WILLIAMS, Shield No. 3054, as follows:

FIRST CAUSE OF ACTION:   An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants RICKFORD, BASSO and BARA; and

SECOND CAUSE OF ACTION:   An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants DUKE, MACEWEN and WILLIAMS.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
March 13, 2017

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2376